IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
|     TDCJ-CID #1300468, | § | |
| v. | § | CASE NO. 2:12-cv-00370 |
| | § | |
| DIRECTOR RICK THALER | § | |

## OPINION AND ORDER OF DISMISSAL

Barry Dwayne Minnfee[1] is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. As a consequence of his repeatedly filing frivolous, unauthorized successive, and malicious lawsuits, the Fifth Circuit issued a sanction and preclusion order against him in Minnfee v. Quarterman, No. 07-50446 (5th Cir. 2007).

On November 29, 2012, Minnfee filed a pleading on a preprinted form intended for filing § 1983 prisoner civil rights complaints, in which he challenges his confinement as unconstitutional alleging, *inter alia*, that he was "illegally admitted" into the TDCJ-CID because the State failed to submit the proper documentation, including his fingerprints, at the time of his incarceration. (D.E. 1 at 3-5). He also argues that he is now wrongfully confined with inmates "with large sentences," such that his life is in imminent danger. Id. at 5. For relief, he seeks a transfer to the Byrd Unit, as well as compensation for malicious prosecution, special damages, and attorney fees. Id. at 4.

---

[1] Plaintiff's last name has been spelled "Minnafee" and "Minnifee" in other court proceedings.

For the reasons stated herein, Minnfee's action is dismissed without prejudice pursuant to the Fifth Circuit sanction and preclusion order.

**I. Background.**

On May 2, 2005, plaintiff was convicted of robbery with bodily injury and sentenced to life imprisonment.

Since his conviction, Minnfee has filed over eighty (80) unsuccessful habeas and civil rights lawsuits in at least four states, and he has been barred from proceeding i.f.p. under the three strikes provision of 28 U.S.C. § 1915(g).[2]

As previously noted, on June 6, 2007, the Fifth Circuit issued a sanction and preclusion order against him in Minnfee v. Quarterman, No. 07-50446 (5th Cir. 2007). In the order, the Fifth Circuit imposed a $100.00 monetary sanction against Minnfee for his continued abusive litigation tactics, and ordered as follows:

> The Clerks of all Federal District Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction. Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the Courts of this Circuit.

Id.

Minnfee does not contend that the $100.00 sanction has been paid, and a review of the Fifth Circuit docket for this case reveals that the sanction fee remains due.[3]

---

[2] See http://156.124.4.123/ThreeStrikes/m3.htm, for a list of Minnfee's cases that have been struck as frivolous or for failure to state a claim.

[3] The docket and orders can be viewed at http://coa.circ5.dcn/Viewcase.aspx,

**II. Analysis.**

In the instant lawsuit, Minnfee has filed his lawsuit on a § 1983 complaint form, but within the body of his pleading, he is raising habeas corpus claims challenging the fact and/or duration of his sentence, claims that are raised properly in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is sole remedy where a state prisoner is challenging the very fact or duration of his physical imprisonment); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (§ 1983 not available remedy if an award in plaintiff's favor would "necessarily imply" the invalidity of his conviction). However, regardless of whether Minnfee is seeking habeas corpus relief or is attempting to bring a civil rights action, his filing must be dismissed because he is barred from filing a habeas corpus petition or civil rights complaint, even if he could pay the filing fee, because, as discussed above, he is subject to the outstanding sanctions that have not been satisfied.

To the extent that Minnfee is attempting to allege that he is under imminent danger of serious physical harm to warrant consideration pursuant to the three strikes exception of 28 U.S.C. §1915(g),[4] his pleading fails to suggest any credible threat. Minnfee claims only that he is housed with prisoners with long sentences. However, mere incarceration with other prisoners does not raise a § 1915(g) exception. See e.g. Wallace v. Cockrell, 2003 WL 21528744 (N.D. Tex. 2003). Minnfee offers no facts to suggest that he faces

---

[4] The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. See e.g. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

any imminent danger. He does not allege that he has been threatened or harmed, or that any circumstances exist that warrant extra protection.

Further, there is no indication that Minnfee is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions. See Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam) cert. denied, 526 U.S. 1157 (1999) (a district court may enforce the sanction order of another district court).

Finally, the Court notes that on May 3, 2011, Minnfee attempted to file a similar lawsuit in the United States District Court for the Southern District of Texas, Houston Division, Case No. 2:11cv1685. On May 13, 2011, Judge Gilmore dismissed that action pursuant to the Fifth Circuit's sanction and preclusion order. Id. at D.E. 6, 7. Again on May 23, 2011, Minnfee attempted to file with this Court an action against the FBI arguing that his civil rights were violated, but also challenging his conviction. See Case No. 2:11cv168. On June 1, 2011, Judge Jack dismissed that action pursuant to the Fifth Circuit's sanction and preclusion order. Id. at D.E. 6. And most recently as March 30, 2012, Minnfee filed an action on preprinted a habeas corpus form in which he alleged that his medical records were used improperly to prosecute him, and he sought damages for malicious prosecution. See Case No. 2:12cv100. This case was dismissed pursuant to the preclusion order. Id. at D.E. 6.

## III. Conclusion.

For the foregoing reasons, this case is DISMISSED without prejudice pursuant to the sanction and preclusion order issued by the Fifth Circuit Court of Appeals on June 6, 2007.  Any and all pending motions are denied as moot.

To the extent this action raises habeas corpus claims, there are no issues to support a  certificate of appealability (COA).  The showing necessary for a COA is a substantial showing of the denial of a constitutional right.  Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000) (citing Slack v. McDaniel, 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  See Clark v. Johnson, 202 F.2d 760, 763 (5th Cir. 2000).  Minnfee has not made the necessary showing.  Accordingly, a COA is denied.

ORDERED this 7th day of December 2012.

*[signature]*
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**